{¶ 54} Having imposed the maximum sentence of incarceration for the offense of which Defendant was convicted, the trial court was required by R.C. 2929.19(B)(2)(d) to make a finding that gave the court's reason for imposing the sentence. State v. Edmonson (1999),86 Ohio St.3d 324. General references, such as to "the seriousness and recidivism factors in the Ohio Revised Code" that the court made here, are insufficient to satisfy the particularity requirement with respect to findings implicit in R.C. 2929.19(B)(2)(d). Neither is it sufficient that good reasons for a finding may be inferred from the record: the court is required to state what its reasons are. State v. Adkins (March 28, 2003), Greene App. No. 2002-CA-113, 2003-Ohio-1571. We have found references similar to those the court made here insufficient to state the reasons that R.C. 2929.19(B)(2)(d) requires the court to state. State v.Shepherd (Dec. 6, 2002), Montgomery App. No. 19284, 2002-Ohio-6790.
 {¶ 55} In Shepherd, at p. 3, we explained the foundation of the findings and reasons requirement:
 {¶ 56} "The findings and reasons requirement has a dual purpose. One purpose is to induce a more systematic gradation of penalties within an available range that are imposed by relating the sentence to the particular conduct and offender involved. The other is to facilitate the limited appellate review of certain sentences that R.C. 2953.08 now affords. Both are addressed to achieving a more uniform and consistent pattern of sentencing across the State of Ohio by reducing the prospect of unduly harsh and lengthy prison sentences. Achieving that goal benefits not only the defendant who is incarcerated but also the taxpayers of the state who must bear the financial burden of a prolonged incarceration."
 {¶ 57} Applying a loose rule of substantial compliance, as the majority does here, permits the trial court to avoid the exercise which the General assembly devised as a vehicle to achieve its goals of fairness and greater uniformity. I would sustain the second assignment of error and remand the case pursuant to R.C. 2953.08(G)(1) with instructions to the trial court to state the required findings and reasons on the record, expressing both the particular finding or findings which support the sentence the court imposed and the particular reasons for each finding, aligned with it.